1837.

THOMSON.
v.
DUDLEY.

THOMSON *v.* DUDLEY, *et. al.*

Where the principal defendant, (mortgagor,) in a foreclosure suit died after bill
taken *p. c.*, and after reference to compute amount, but before decree : *it
was held,* that no decree could be had, until the suit was revived against his
representatives.

BILL to foreclose a mortgage made by the defendants Henry    *Sept.* 4.
Dudley and Helen C. Dudley, his wife.   The suit had pro-     1837.
gressed so far that the bill had been taken as confessed by   *Pleading.*
these defendants ; a reference to compute the amount due had  *Death.*
occurred, and the cause was on the calendar upon the master's *Revivor.*
report.   But just before the day for hearing, the defendant, *Decree.*
Henry Dudley, died.

Mr. *J. R. Lee* moved for a decree ; but suggested the death
of Dudley.

THE VICE-CHANCELLOR doubted whether he could let a de-
cree be taken, even by allowing it *nunc pro tunc ;* but con-
sented to consider the point.

Afterwards, HIS HONOR said, it would not be regular to
make a decree in such a case, and so as to have effect upon a
day prior to the death of the party.   If the cause had been
heard then, the decree might have been entered *nunc pro tunc ;*
but, that the cases of *Rogers* v. *Paterson,* 4 Paige's C. R.
409, and *Vroom* v. *Ditmas,* 5 Ib. 528, did not apply here.   The
suit must be revived against the representatives of the deceased
defendant, Henry Dudley, before a decree could be had.  (*a*)

(*a*)In some late English reports, by Ross Donnelly, Esq., (Minutes of cases
argued in the high court of chancery,) Mr. Edwards finds the following : "In
the course of the argument, the vice-chancellor held that where a decree was
taken, and at the time of the decree a party to the suit was dead, the decree
would be imperfect and could not be remedied by a subsequent bill of revivor
against the representatives of the deceased party ; for the prayer of the bill of
revivor was, that the suit might be put in the same plight as it was in at the
time of the abatement and at that time there was no decree." *Smith* v. *Evans,*
vol. I. p. 25.